IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ERNEST S. HENDRY, JR. & <br> JUDITH V. HENDRY, <br><br> Plaintiffs, <br><br> v. <br><br> THE GEORGELAS GROUP, INC. & <br> FRANCIS J. PELLAND, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) 1:14cv1455 (JCC/TCB) <br> ) <br> ) <br> ) <br> ) <br> ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Francis J. Pelland's Motion to Dismiss [Dkt. 9], Defendant The Georgelas Group, Inc.'s Motion to Dismiss [Dkt. 15], and Defendant The Georgelas Group, Inc.'s Motion for Summary Judgment [Dkt. 17]. For the reasons discussed below, the Court will grant the Motions to Dismiss and dismiss this matter with prejudice.

**I. Background**

Beginning in 1927, pro se Plaintiffs' ancestors, the Hendry family, owned a twenty-acre parcel of real property in Arlington County, Virginia until 1994, when it was sold to Arlington County. (Compl. [Dkt. 1] ¶¶ 6-7.) This lawsuit -- similar to the many lawsuits that have come before it -- concerns events that occurred in the late 1980s and early 1990s

1

surrounding this sale of real property.[1]

Defendant Francis J. Pelland ("Pelland") offers an accurate description of the Complaint now before the Court:

> The complaint . . . is a confusing, wandering narrative of events starting with an alleged offer to purchase a twenty-acre parcel of land in Arlington County by defendant Georgelas & sons to Anne P. Hendry (mother and mother-in-law of plaintiffs) in 1977 (Compl. ¶¶ 9-10), leading to litigation between Georgelas and the Hendrys that was settled (Compl. ¶¶ 121-123), and ending with protracted litigation between the Hendrys and Pelland [the Hendry family's former attorney].

(Pelland's Mem. in Support [Dkt. 10] at 2.)

In liberally construing pro se Plaintiffs' Complaint, it appears to raise the following three "counts" or claims:

Count One: Coram Non Judice against only Defendant Georgelas & Sons ("Georgelas"), claiming the settlement in Chancery No. 87-671 in Arlington County Circuit Court was void because none of the judges had jurisdiction to rule due to their alleged failure to follow the appropriate legal standards.

---

[1] In this Court alone, pro se Plaintiffs have been a party to at least five other lawsuits. See Vercoe v. Hendry, 1:92-CV-1239-TSE (settled on February 2, 1993); see also Hendry v. Georgelas & Sons, Inc., 1:93-CV-746-TSE (motion to dismiss granted on August 13, 1993); Hendry v. Vercoe, 1:93-CV-830-AVB (settled on November 5, 1993); Agnew v. Hendry, 1:94-CV-559-TSE (jury returned verdict against Hendrys on May 8, 1995, affirmed on appeal); Hendry v. Charles Terrence Tate Householder, 1:97-CV-430-TCB (after a bench trial, judgment entered in defendants' favor on March 23, 1998).

(Compl. ¶¶ 121-123.)

Count Two: Collusion and Fraud against Pelland and Georgelas, claiming the Hendrys were never able to properly enter into the settlement contract because of various breaches of fiduciary duties, extreme duress, and incredible misrepresentations by two attorneys and three judges. (Compl. ¶¶ 124-247.)

Count Three: Punitive Damages, claiming Defendants' behavior at issue was intentional and reckless. (Compl. ¶¶ 248-249.) Plaintiffs request $18,765,297.99 in compensatory and punitive damages. (Id. at 35.)

The two Defendants, Pelland and Georgelas, now move separately to dismiss the Complaint for a variety of reasons.[2] [Dkts. 9, 15.] In opposition, Plaintiffs filed the following memoranda: "Memorandum Detailing How the Hendrys Were Denied Due Process In Chancery No. 89-969" [Dkt. 20], "Material Facts Affidavit" [Dkt. 22], "Memorandum in Opposition to Motion to Dismiss and Rule 56 Motion" [Dkt. 23], and "Memorandum in Opposition to Motion to Dismiss" [Dkt. 25]. Georgelas filed a Reply memorandum. [Dkt. 24.] Accordingly, the motions are fully briefed and ripe for disposition.

---

[2] Georgelas also moves for summary judgment. [Dkt. 17.] The Court need not consider this motion, however, because it will dismiss this matter with prejudice.

3

## II. Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [it] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Butler v. United States, 702 F.3d 749, 752 (4th Cir. 2012) (citations and internal quotation marks omitted). A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true, and must construe all allegations in favor of the plaintiff. See Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). However, the court need not accept as true legal conclusions disguised as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 679-81 (2009). The plaintiff's facts must "be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. Analysis

Both Pelland and Georgelas move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, relying at least in part[3] on the affirmative defense that Plaintiffs' claims are time barred by the statute of limitations. (See Pelland's Mem. at 6; Georgelas's Mem. [Dkt.

---

[3] Defendants also raise other apparently viable defenses, such as failure to state a claim upon which relief can be granted, settlement and release, and res judicata, which the Court need not address because it finds Plaintiffs' claims are time barred.

4

19] at 8-9, 14-17.) "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [it] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Butler, 702 F.3d at 752 (emphasis added). "Such an affirmative defense has no bearing on whether Plaintiff has adequately stated a claim for relief." Manchanda v. Hays Worldwide, LLC, No. 1:14CV1339 JCC/TCB, 2014 WL 7239095, at *2 (E.D. Va. Dec. 17, 2014). Thus, typically, a statute of limitations affirmative defense must be raised under Rule 8(c) of the Federal Rules of Civil Procedure, and the burden of establishing the affirmative defense rests on the defendant. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007).

However, where the facts as alleged in the Complaint are sufficient to rule on a statute of limitations affirmative defense, the Court may reach this defense "by a motion to dismiss filed under Rule 12(b)(6)." Id. "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" Id. (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)) (additional citation omitted). Accordingly, in ruling on Defendants' Motions to Dismiss, this Court, liberally construing the Complaint in favor of

5

Plaintiffs, must find all of the facts necessary to establish Defendants' statute of limitations defense on the face of the Complaint. The Court will grant both Motions to Dismiss and dismiss this case with prejudice because it is clear from the face of the Complaint that Plaintiffs' claims are time barred.

Plaintiffs' Complaint attempts to allege two causes of action: (1) Coram Non Judice, and (2) Collusion and Fraud. (Compl. ¶¶ 121-123, 124-247.) Plaintiffs also request punitive damages as a separate and third "count." (Id. at ¶¶ 248-249.) In this diversity action, the substantive law of Virginia, the forum state, applies to Plaintiffs' claims, including the statute of limitations. Guaranty Trust Co. v. York, 326 U.S. 99, 110 (1945) ("[I]f a plea of the statute of limitations would bar recovery in a State court, a federal court ought not to afford recovery."). Assuming for purposes of this Motion only that Virginia law recognizes a cause of against based on Coram Non Judice, a two-year statute of limitation applies. See Va. Code § 8.01-248 ("Every personal action accruing on or after July 1, 1995, for which no limitation is otherwise prescribed, shall be brought within two years after the right to bring such action has accrued."). Similarly, a two-year statute of limitation applies to Plaintiffs' fraud claim. See Va. Code § 8.01-243.

6

Here, in Count One, Plaintiffs claim that the settlement they entered into with Georgelas in Chancery No. 87-671 in the Arlington Circuit Court is void based on misconduct by the judges. (Compl. ¶¶ 121-123.) This settlement occurred on May 26, 1988. (Id. at ¶ 128.) Any alleged cause of action arising from this settlement would have also accrued on the same day, meaning the two-year statute of limitations expired on May 27, 1990, almost twenty-five years ago. Even if the Court assumes Count One states a claim upon which relief can be granted, this claim still must be dismissed as well outside the applicable statute of limitation period.

Count Two must be dismissed for the same reason. Plaintiffs allege collusion and fraud against Pelland, the Hendry family's former attorney, and Georgelas. (Compl. ¶¶ 124-247.) Based on the face of Plaintiffs' Complaint, any cause of action for fraud against Defendants accrued at the very latest in 1996, when the United States Court of Appeals for the District of Columbia Circuit issued its ruling on Plaintiffs' legal malpractice lawsuit against Pelland. See Hendry v. Pelland, 73 F.3d 397 (D.C. Cir. 1996). The statute of limitations on Plaintiffs' fraud claim expired seventeen years ago in 1998. Accordingly, this claim must also be dismissed as

outside the applicable statute of limitation period.[4]

Lastly, Plaintiffs raise a claim for punitive damages in Count Three. (Compl. ¶¶ 248-249.) As discussed above, the Court will dismiss Counts One and Two as time barred and thus, Plaintiffs do not state a proper claim for compensatory damages. "The general rule is that a plaintiff cannot maintain an action to recover mere punitive or exemplary damages, and that a finding of compensatory damages is a prerequisite to an award of exemplary damages." Zedd v. Jenkins, 74 S.E.2d 791, 793 (Va. 1953) (citations omitted). Punitive damages can be awarded under Virginia law under certain circumstances if a plaintiff pleads and proves an intentional tort. See, e.g., Shaw v. Titan Corp., 498 S.E.2d 696, 701 (Va. 1998). Here, Plaintiffs have failed to sufficiently plead a cause of action that is not barred by the relevant statute of limitation that would entitle them to an award of punitive damages, and therefore cannot maintain a sole claim for punitive damages. Accordingly, the Court will dismiss this third "count" as well.

To conclude, without reaching the question of whether

---

[4] Plaintiffs question whether it is "even possible to have an applicable statute of limitations in the instant case," and cite instances where they previously filed lawsuits within the applicable statute of limitations period. (Pls.' Mem. [Dkt. 25] at 4-5.) There is a statute of limitations period in this case, and Plaintiffs have not shown why it is "inapplicable," other than summarily concluding that the case in Arlington County was "void ab initio and in toto." (Id. at 5.)

Plaintiffs state a valid claim for relief, it is readily apparent and clear to the Court based on the facts alleged on the face of the Complaint that Plaintiffs' claims are time barred. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). The events surrounding Plaintiffs' allegations occurred between twenty and thirty years ago. Their legal malpractice claim against Pelland was fully litigated in the federal courts of the District of Columbia. See Hendry v. Pelland, 73 F.3d 397 (D.C. Cir. 1996). And it appears Plaintiffs' other claims were fully litigated in this Court, and other Virginia state courts, throughout the 1990s. The Court will dismiss the Complaint with prejudice because Plaintiffs have not sought leave to amend, and regardless, the Court finds any amendment would be futile and prejudicial to the opposing parties. See, e.g., Steinburg v. Chesterfield Cnty. Planning Comm'n, 527 F.3d 377, 390 (4th Cir. 2008). Accordingly, under the relevant statutes of limitation discussed above, Plaintiffs are barred from bringing these claims many years later.

## IV. Conclusion

For the foregoing reasons, the Court will grant Pelland's and Georgelas's Motions to Dismiss. The remaining pending motions for summary judgment will be denied as moot.

9

An appropriate Order shall issue.

|  | /s/ |
|---|---|
| January 21, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |